UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------

**10 CIV 7876**

THE CITY OF NEW YORK,

                                            Plaintiff,          **COMPLAINT**

                -against-                                        Index No.

THE UNITED STATES DEPARTMENT OF STATE,

                                            Defendant.

------------------------------------------------------------------ x

Plaintiff the City of New York ("the City"), by its attorney, Michael A. Cardozo,

Corporation Counsel of the City of New York, alleges as follows for its Complaint:

1.    This is an action by the City to compel defendant the United States

Department of State (the "State Department") to produce documents in response to the City's

November 2009 request under the Freedom of Information Act (the "FOIA"), 5 U.S.C. § 552.

## JURISDICTION AND VENUE

2.    The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331

and 5 U.S.C. § 552(a)(4)(B).

3.    Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B).

## PARTIES

4.    Plaintiff the City is a municipal corporation duly organized and existing

under the laws of the State of New York.

5.    Defendant the State Department is a department of the Executive branch

of the United States Government. The State Department is an agency within the meaning of 5

U.S.C. § 552(f) and has control of the documents sought by the City.

## FACTS

### The City's Request

6.     By letter dated November 2, 2009, the City requested certain documents from the State Department pursuant to the FOIA (the "Request"). A true and correct copy of the Request is attached hereto as Exhibit 1.

7.     The Request describes with particularity the documents the City seeks. Specifically, the City requested:

a.  Documents reflecting or referencing taxes assessed or tax payments made by the United States to foreign governments incident to United States ownership of real property in foreign countries.

b.  Documents reflecting or referencing taxes assessed or tax payments made by the United States to foreign governments incident to United States ownership of real property used to house staff of any United States mission located in Geneva, Switzerland.

c.  Documents reflecting or referencing taxes assessed or tax payments made by the United States to foreign governments incident to United States ownership of real property used to house staff of any United States mission to an international organization or any United States multilateral diplomatic mission.

d.  Documents, other than those submitted to the Court in *City of New York v. Permanent Mission of India*, No. 08-1905-cv, and *City of New York v. Bayaryn Jargalsaikhan*, No. 08-1906-cv, pertaining to the contention in State Department Public Notice 6690, 74 Fed. Reg. 31788 (the "Notice"), that there

is "a dispute affecting U.S. interests and involving foreign governments which assert that international law requires the exemption from taxation" of consular staff housing and staff housing of missions to the United Nations.

e.  Documents pertaining to the contention in the Notice that "[r]esponsive measures taken against the United States because of the dispute [*i.e., City of New York v. Permanent Mission of India*, No. 08-1905-cv, and *City of New York v. Bayaryn Jargalsaikhan*, No. 08-1906-cv] also have impeded significantly the State Department's ability to implement . . . security improvements to our Nation's diplomatic and consular facilities abroad."

f.  Any communications or documents reflecting any communications between the State Department and any foreign government or mission, or anyone acting on behalf of any foreign government or mission, with respect to whether or not the foreign government is required to pay real property taxes for property used to house consular staff or staff to a mission to the United Nations or other international organization.

8.  On December 1, 2009, the City received a letter from the Chief of the Requester Communications Branch of the Office of the Information Programs and Services of the State Department. A true and correct copy of the letter is attached hereto as Exhibit 2.

9.  The December 1, 2009 letter acknowledges receipt of the Request on November 3, 2009 and states "we will begin the  processing of your request." It does not provide a date by which the State Department will respond to the Request. Rather it states: "we will notify you as soon as responsive material has been retrieved and reviewed."

10.    Three months later, on March 11, 2010, the City contacted the State Department at the email address provided in the December 1, 2009 letter, FOIAstatus@state.gov, and inquired as to the State Department's estimated date for a substantive response to the Request.

11.    On March 16, 2010, the City received a response to its email inquiry. A true and correct copy of the City's email and the response is attached hereto as Exhibit 3.

12.    In that email response, the State Department states that the Statutory Compliance and Research Division has initiated searches of the Offices of the Legal Advisor and Operations, but that it could not provide any timeframe for the processing of the Request.

13.    The City has not received any further communication from the State Department regarding the Request. To date, almost one year after its request, the City has received no substantive response from the State Department.

**Statutory Framework**

14.    The FOIA requires agencies of the federal government to release information requested by the public, unless a statutory exemption applies to the request.

15.    The FOIA requires that an agency must determine whether to comply with a FOIA request within twenty business days of receipt of the request and immediately notify the requester of the determination, the reasons for the determination, and the requester's right to appeal the determination to the head of the agency. 5 U.S.C. § 552(a)(6)(A)(i).

16.    Similarly, the FOIA requires that an agency must make a determination regarding any appeal within twenty business days of the receipt of the appeal and if the determination upholds the denial in whole or in part, the agency must notify the requester of the right to judicial review. 5 U.S.C. § 552(a)(6)(A)(ii).

17. In unusual circumstances, the twenty day time limit for the initial determination or appeal can be extended "by written notice to the person making such request setting forth the unusual circumstances for such extension and the date on which a determination is expected to be dispatched." 5 U.S.C. § 552(a)(6)(B)(i). The FOIA specifically defines "unusual circumstances" to include the need (1) "to search for and collect the requested records from field facilities or other establishments that are separate from the office processing the request"; (2) "to search for, collect, and appropriately examine a voluminous amount of separate and distinct records which are demanded in a single request"; or (3) "for consultation . . . with another agency having a substantial interest in the determination of the request or among two or more components of the agency having substantial subject-matter interest therein." 5 U.S.C. § 552(a)(6)(B)(iii).

18. When an agency seeks to extend its time to respond to a request because of unusual circumstances, the agency must also provide the requester "an opportunity to limit the scope of the request so that it may be processed within that time limit or an opportunity to arrange with the agency an alternative time frame for processing the request or a modified request." 5 U.S.C. § 552(a)(6)(B)(ii).

19. Pursuant to the FOIA, if the responding agency fails to comply with the time frames for responding to a FOIA request, the requesting party "shall be deemed to have exhausted his administrative remedies with respect to such request." 5 U.S.C. § 552(a)(6)(C)(i).

20. The State Department has not made a determination regarding whether to comply with the Request in the eleven months since the City made the Request.

21. The State Department has never informed the City that there are unusual circumstances relating to the Request.

22. The State Department has not requested that the City limit the scope of the Request if it wishes the State Department to respond more quickly.

23. The State Department has not provided the City a date by which it will make a determination regarding whether to comply with the Request.

24. The State Department has never issued a determination that informs the City of its right to appeal.

25. Pursuant to the FOIA, the City is deemed to have exhausted its administrative remedies.

## FIRST CAUSE OF ACTION
### (Violation of FOIA)

26. The City repeats and realleges paragraphs 1 through 25 as if fully set forth herein.

27. On November 2, 2009, the City made a valid request for information pursuant to the FOIA.

28. The State Department was required to issue a determination regarding whether to comply with the Request by December 3, 2009, but as of the date of this Complaint has not responded to the substance of the Request.

29. The City is deemed to have exhausted its remedies under the FOIA.

30. The State Department is in violation of 5 U.S.C. § 552(a)(3)(A).

31. The Court should order the State Department to comply with the Request and produce responsive documents.

32. The City is entitled to attorney fees under 5 U.S.C. § 552(a)(4)(E).

**WHEREFORE**, the City requests that this Court enter a judgment:

1. ordering the State Department to comply with the Request and produce responsive documents within 30 days;

2. awarding the City its costs and reasonable attorney fees as provided for by 5 U.S.C. § 552(a)(4)(E); and

3. granting such other and further relief as the Court may deem just and proper.

Dated:   New York, New York
         October 15, 2010

                                         MICHAEL A. CARDOZO
                                         Corporation Counsel of the
                                           City of New York
                                         100 Church Street, Room 20-83
                                         New York, New York  10007
                                         (212) 442-0588

                                          *Sabita Krishnan*

By:    Sabita Krishnan
              Assistant Corporation Counsel

Exhibit 1



MICHAEL A. CARDOZO
*Corporation Counsel*

### THE CITY OF NEW YORK
# LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, N.Y. 10007-2601

JOHN R. LOW-BEER
*Senior Counsel*
**Affirmative Litigation Division**
Tel.: 212 788 1007
E-mail: jlowbeer@law.nyc.gov

November 2, 2009

Office of Information Programs and Services
A/ISS/IPS/RL
U.S. Department of State, SA-2
Washington, DC  20522-8100

### Re: FOIA request re taxes paid on behalf of U.S. diplomatic property

Dear FOIA Officer:

Under the Freedom of Information Act, we request the following documents dated January 1, 2004 or later:

1. Documents reflecting or referencing taxes assessed or tax payments made by the United States to foreign governments incident to United States ownership of real property in foreign countries.

2. Documents reflecting or referencing taxes assessed or tax payments made by the United States to foreign governments incident to United States ownership of real property used to house staff of any United States mission located in Geneva, Switzerland.

3. Documents reflecting or referencing taxes assessed or tax payments made by the United States to foreign governments incident to United States ownership of real property used to house staff of any United States mission to an international organization or any United States multilateral diplomatic mission.

4. Documents, other than those submitted to the Court in *City of New York v. Permanent Mission of India*, No. 08-1905-cv, and *City of New York v. Bayaryn Jargalsaikhan*, No. 08-1906-cv, pertaining to the contention in State Department Public Notice 6690, 74 Fed. Reg. 31788 (the "Notice"), that there is "a dispute affecting U.S. interests and involving foreign governments which assert that international law requires the exemption from taxation" of consular staff housing and staff housing of missions to the United Nations

5  Documents pertaining to the contention in the Notice that "[r]esponsive measures taken against the United States because of the dispute [*i.e.*, *City of New York v. Permanent Mission of India*, No. 08-1905-cv, and *City of New York v. Bayaryn Jargalsaikhan*, No. 08-1906-cv] also have impeded significantly the State Department's ability to implement . . . security improvements to our Nation's diplomatic and consular facilities abroad."

6. Any communications or documents reflecting any communications between the State Department and any foreign government or mission, or anyone acting on behalf of any foreign government or mission, with respect to whether or not the foreign government is required to pay real property taxes for property used to house consular staff or staff to a mission to the United Nations or other international organization.

We understand the City will be responsible for fees, and are willing to pay for fees up to $2,000 without further approval. If fees are estimated to exceed this amount, please contact me before processing this request.

As FOIA requires, please release all reasonably segregable non exempt portions of documents. To permit us to reach an intelligent and informed decision whether or not to file an administrative appeal of any denied material, please describe any withheld records (or portions thereof) and explain the basis for your exemption claims.

Thank you for your time and attention to this matter. Please call me if you have any questions.

Sincerely yours,

John R. Low-Beer

Exhibit 2



United States Department of State

Washington, D.C. 20520

Case Number:  200909302

Mr. John R. Low-Beer, Senior Counsel
Affirmative Litigation Division
The City of New York Law Department
100 Church Street
New York, New York  10007-2601

Dear Mr. Low-Beer:

This is in response to your Freedom of Information Act/Privacy Act
(FOIA/PA) request, dated November 3, 2009, for copies of documents
concerning **taxes paid on behalf of U.S. Diplomatic property**.
Specifically you are requesting the following documents dated January 1,
2004 or later:

1. **Documents reflecting or referencing taxes assessed or tax
payments made by the United States to foreign governments
incident to United States ownership of real property in foreign
countries.**

2. **Documents reflecting or referencing taxes assessed or tax
payments made by the United States to foreign governments
incident to United States ownership of real property used to house
staff of any United States mission located in Geneva, Switzerland.**

3. **Documents reflecting or referencing taxes assessed or tax
payments made by the United States to foreign governments
incident to United States ownership of real property used to house
staff of any United States mission to an international organization
or any United States multilateral diplomatic mission.**

*Office of Information Programs and Services*
*U.S. Department of State, SA-2*
*Washington, DC 20522-8100*
*Website: www.foia.state.gov*

*Inquiries*
*Phone: 1-202-261-8484*
*FAX: 1-202-261-8579*
*E-mail: FOIAStatus@state.gov*

- 2 -

4. Documents other than those submitted by the Court in *City of New York v. Permanent Mission of India*, NO. 08-1905-cv, and *City of New York v. Bayaryn Jargalsaikhan*, No. 08-1906-cv, pertaining to the contention in State Department Public Notice 6690, 74 Fed. Reg. 31788 (the "Notice"), that there is "a dispute affecting U.S. interest and involving foreign governments which assert that international law requires the exemption from taxation" of consular staff housing and staff housing of mission to the United Nations.

5. Documents pertaining to the contention in the Notice that responsive measures taken against the United States because of the dispute have also impeded significantly the State Department's ability to implement security improvements to our Nation's diplomatic and consular facilities abroad.

6. Any communications or documents reflecting any communications between the State Department and any foreign government or mission or anyone acting on behalf of any foreign government or mission, with respect to whether or not the foreign government is required to pay real property taxes for property used to house consular staff or staff to a mission to the United Nations or other international organization.

We will begin the processing of your request based upon the information provided in your communication. We will notify you as soon as responsive material has been retrieved and reviewed.

We wish to advise you that the cut-off date for retrieving records is either the date you have given the Department by specifying a particular time frame, or the date the search initiated.

## Fees

The Freedom of Information Act (FOIA) requires agencies to assess fees to recover the direct costs of processing requests, unless a fee waiver has been granted.

Office of Information Programs and Services
U.S. Department of State SA-2
Washington, DC 20522-8100
Website: www.foia.state.gov

Inquiries
Phone: 1-202-261-8484
FAX: 1-202-261-8579
E-mail: FOIAStatus@state.gov

- 3 -

*According to our regulations, by making a FOIA request, you have agreed to pay all applicable fees up to $25 unless a fee waiver has been granted. You may specify a willingness to pay a greater amount.  If the estimated fees exceed this limit, you will be notified.*

☒      You have stated your willingness to pay the fees incurred in the processing of this request up to $2,000.00.

☐      Please let us know if you are willing to pay the fees that will be incurred in the processing of your request.  You may set a limit of the maximum amount that you wish to pay.  Please be advised that, without an agreement to pay fees, your request will be processed without cost up to the required first 2 hours of search time (for all other requester category only) and duplication of the first 100 pages (for all other, media, educational and non-commercial scientific requester categories).

We will notify you of the costs incurred in processing your request as soon as the search for, and review of, any responsive documents have been completed.

Based upon the information that you have provided, we have placed you in the requester category checked below.  This request will be processed in accordance with the fee schedule designated for that category (see 22 C.F.R. 171, enclosed).

☐      Commercial Use Requesters – Requires us to assess charges that recover the full direct costs of searching for, reviewing for release, and duplicating the record(s) sought.

☐      Educational Institution Requesters – Requires us to assess charges that recover the cost of duplicating the record(s) sought only, after the first 100 pages of duplication.

☐      Non-commercial Scientific Institution Requesters – Requires us to assess charges that recover the cost of duplicating the record(s) sought only, after the first 100 pages of duplication.

☐      Representatives of the News Media – Requires us to assess charges that recover the cost of duplicating the record(s) sought only, after the first 100 pages of duplication.

*Office of Information Programs and Services*
*U.S. Department of State, SA-2*
*Washington, DC 20522-8100)*
*Website - www.foia.state.gov*

*Inquiries*
*Phone - 1-202-261-8484*
*FAX - 1-202-261-8579*
*E-mail - FOIAStatus@state.gov*

- 4 -

☒   All Other Requesters -- Requires us to assess charges that recover the full reasonable direct cost of searching for and duplicating the record(s) sought, after the first 100 pages of duplication, and the first two hours of search time.

☐   You have indicated your inclusion in a category different than the one indicated above. Please forward the information requested on the enclosed sheet titled "Requester Categories" to substantiate your inclusion in a particular category of requester.

## Fee Waiver

☐   Your request for a fee waiver has been granted; therefore, your request will be processed at no charge to you.

☐   Based upon the information provided in your letter, your request for a fee waiver has been denied. If you wish to appeal this decision, you may write to the Chief, Requester Liaison Division, at the address given on the bottom of this page. Your appeal should address the points listed in the enclosed sheet titled "Requests for Fee Waivers." Your appeal must be sent to us within 30 days from the date that you receive this letter.

## Expedition

☐   After consideration of your request for expedited processing under the Department's rules governing Freedom of Information Act requests, we have determined that your request does warrant expedited processing.

Although we cannot promise that the processing of your request will be completed by a specific date, it will be processed ahead of all other requests now pending with the Department, except for those other requests already determined to warrant expedition.

☐   Our published regulations regarding expedition, 22 C.F.R. 171.12(b), require a specific showing of a compelling need. Expeditious processing is granted only in the following situations: (1) imminent

*Office of Information Programs and Services*
*US Department of State, SA-2*
*Washington, DC 20522-8100*
*Website : www.foia.state.gov*

*Inquiries*
*Phone : 1-202-261-8484*
*FAX : 1-202-261-8579*
*E-mail : FOIAStatus@state.gov*

- 5 -

threat to the life or physical safety of an individual; (2) urgently
needed by an individual primarily engaged in disseminating
information in order to inform the public concerning actual or alleged
Federal Government activity and the information is urgently needed in
that a particular value of the information would be lost if not
disseminated quickly; (3) substantial humanitarian reasons; and
(4) loss of substantial due process rights.  Your request does not meet
any of the established criteria.  Regrettably, I must advise that you
have not provided adequate justification for expedition.  However, you
may be assured that we will make every effort to process your request
in as timely a manner as possible.  For your convenience, I have
enclosed a copy of the Department's expeditious processing criteria.

If you wish to appeal the denial of expedition, you may write to the
Chief, Requester Liaison Division, at the address below, within 30
days of receipt of this letter.

## Other Agency Material

☐   Some of the material that you seek appears to have been originated by
another agency(ies).  If you wish to contact the Freedom of
Information/Privacy Office of that agency(ies), the address(es) can be
found on the attached list.

☐   Some of the records you seek are no longer in the possession of the
State Department.  The majority of Department of State records
(excluding passport and visa records) which are 25 years or older are
transferred to the National Archives and Records Administration
(NARA) in accordance with Title 22, Code of Federal Regulations,
Part 171.6.  Accordingly, requests for such records should be
addressed to:

     National Archives and Records Administration
     8601 Adelphi Road, Room 311
     College Park, MD 20740-6001

Office of Information Programs and Services
U.S. Department of State, SA-2
Washington, DC 20522-8100
     Website: www.foia.state.gov

Inquiries
Phone: 1-202-261-8484
FAX: 1-202-261-8579
E-mail: FOIAStatus@state.gov

- 6 -

☐    For pre-1925 passport records, and visa records dating 1910-1940, please contact:

> Civil Records
> National Archives & Records Administration
> Washington, DC 20408

If you wish to review further information on our requirements for maintenance or disposal of records, please visit the following website: foia.state.gov/records.asp.

While we will make every effort to meet the time limits cited in the FOIA (5 U.S.C. § 552), unusual circumstances may arise for extending the time limit (see enclosure).  We appreciate your patience in this matter.

If you have any questions, please do not hesitate to contact us at the number or address below.  We can provide faster service if you include the case number of your request in your communications with us.

We are pleased to be of service to you.

> Sincerely,
>
> Patrick D. Scholl, Chief
> Requester Communications Branch
> *ISO 9001:2000 Certified*

Enclosures:  As stated.

*Office of Information Programs and Services*
*US Department of State, SA-2*
*Washington, DC 20522-8100*
          *Website: www.foia.state.gov*

*Inquiries*
*Phone: 1-202-261-8484*
*FAX: 1-202-261-8579*
*E-mail: FOIAStatus@state.gov*

§ 171.14 Fees to be charged— general.

The Department shall seek to charge fees that recoup the full allowable direct costs it incurs in processing a FOIA request. It shall use the most efficient and least costly methods to comply with requests for documents made under the FOIA. The Department will not charge fees to any requester, including commercial use requesters, if the cost of collecting a fee would be equal to or greater than the fee itself. With the exception of requesters seeking documents for a commercial use, the Department will provide the first two hours of search time and the first 100 pages of duplication without charge. By making a FOIA request, the requester shall be considered to have agreed to pay all applicable fees up to $25.00 unless a fee waiver has been granted.

(a) *Searches for responsive records.* If the Department estimates that the search costs will exceed $25.00, the requester shall be so notified. Such notice shall offer the requester the opportunity to confer with Department personnel with the object of reformulating the request to meet the requester's needs at a lower cost. The request shall not be processed further unless the requester agrees to pay the estimated fees.
(1) *Manual searches.* The Department will charge at the salary rate (*i.e.*, basic pay plus 16 percent of basic pay) of the employee making the search.
(2) *Computer searches.* The Department will charge at the actual direct cost of providing the service. This

63939 Federal Register /
Vol. 69, No. 212 /
Wednesday, November 3,
2004 / Rules and Regulations
will include the cost of operating the central processing unit (CPU) for that portion of operating time that is directly attributable to searching for records responsive to a FOIA request and

operator/programmer salary attributable to the search.
(b) *Review of records.* Only requesters who are seeking documents for commercial use may be charged for time spent reviewing records to determine whether they are releasable. Charges may be assessed for the initial review only; *i e ,* the review undertaken the first time the Department analyzes the applicability of a specific exemption to a particular record or portion of a record.
(c) *Duplication of records.* Records shall be duplicated at a rate of $.15 per page. For copies prepared by computer, such as tapes or printouts, the Department shall charge the actual cost, including operator time, of production of the tape or printout. For other methods of reproduction or duplication, the Department shall charge the actual direct costs of producing the document.

If the Department estimates that the duplication costs will exceed $25.00, the requester shall be so informed. The request shall not be processed further unless the requester agrees to pay the estimated fees.
(d) *Other charges.* The Department shall recover the full costs of providing services such as those enumerated below:
(1) Certifying that records are true copies (*see* part 22 of this chapter); (2) Sending records by special methods such as express mail, overnight courier, *etc.*
(f) Payment shall be in the form either of a personal check or bank draft drawn on a bank in the United States, or a postal money order. Remittances shall be made payable to the order of the Treasury of the United States and mailed to the Information and Privacy Coordinator
(g) A receipt for fees paid will be given upon request. Refund of fees paid for services actually rendered will not be made

### § 171.15 Fees to be charged— categories of requesters.

Under the FOIA, there are four categories of requesters: Commercial use requesters, educational and noncommercial scientific institutions, representatives of the news media, and all other requesters. The fees for each of these categories are:

(a) *Commercial use requesters.* When the Department receives a request for documents for commercial use as defined in § 171.11(l), it will assess charges that recover the full direct costs of searching for, reviewing for release, and duplicating the record sought. Commercial use requesters are not entitled to two hours of free search time or 100 free pages of reproduction of documents. The Department may recover the cost of searching for and reviewing records even if there is ultimately no disclosure of records (*see* § 171.16(b)).

(b) *Educational and non-commercial scientific institution requesters.* The Department shall provide documents to requesters in this category for the cost of reproduction alone, excluding charges for the first 100 pages. To be eligible for inclusion in this category, a requester must show that the request is being made as authorized by and under the auspices of a qualifying institution, as defined in § 171.11(m) and (n), and that the records are not sought for a commercial use, but are sought in furtherance of scholarly (if the request is from an educational institution) or scientific (if the request is from a noncommercial scientific institution) research.

(c) *Representatives of the news media.* The Department shall provide documents to requesters in this category for the cost of reproduction alone, excluding charges for the first 100 pages. To be eligible for inclusion in this category, a requester must meet the criteria in § 171.11(o), and the request must not be made for a commercial use. A request for records supporting the news dissemination function of the requester shall not be considered to be a commercial use request.

(d) *All other requesters.* The Department shall charge requesters who do not fit into any of the categories above fees that recover the full reasonable direct cost of searching for and reproducing records that are responsive to the request, except that the first 100 pages of reproduction and the first two hours of search time shall be furnished without charge.

## § 171.11 Definitions.
### Unusual Circumstances

As used in this subpart, the following definitions shall apply:

(a) *Freedom of Information Act* or *FOIA* means the statute codified at 5 U.S.C. 552, as amended;

(b) *Department* means the United States Department of State, including its field offices and Foreign Service posts abroad;

(c) *Agency* means any executive department, military department, Government corporation, Government controlled corporation, or other establishment in the executive branch of the government (including the Executive Office of the President), or any independent regulatory agency;

(d) *Information and Privacy Coordinator* means the Director of the Department's Office of Information Programs and Services (IPS) who is responsible for processing requests for access to information under the FOIA, the Privacy Act, E.O. 12958, and the Ethics in Government Act;

(e) *Record* means all information under the control of the Department, including information created, stored, and retrievable by electronic means, regardless of physical form or characteristics, made in or received by the Department and preserved as evidence of the organization, functions, policies, decisions, procedures, operations or other activities of the Department or because of the informational value of the data contained therein. It includes records of other Government agencies that have been expressly placed under the control of the Department upon termination of those agencies. It does not include personal records created primarily for the personal convenience of an individual and not used to conduct Department business and not integrated into the Department's record keeping system or files. It does not include

records that are not already in existence and that would have to be created specifically to meet a request. However, information available in electronic form shall be searched and compiled in response to a request unless such search and compilation would significantly interfere with the operation of the Department's automated information systems.

(f) *Control* means the Department's legal authority over a record, taking into account the ability of the Department to use and dispose of the record as it sees fit, to legally determine the disposition of a record, the intent of the record's creator to retain or relinquish control over the record, the extent to which Department personnel have read or relied upon the record, and the degree

### 63937 Federal Register /
Vol. 69, No. 212 / Wednesday, November 3, 2004 / Rules and Regulations

to which the record has been integrated into the Department's record keeping system or files.

(g) *Direct costs* means those costs the Department incurs in searching for, duplicating, and, in the case of commercial requests, reviewing documents in response to a FOIA request. The term does not include overhead expenses.

(h) *Search costs* means those costs the Department incurs in looking for, identifying, and retrieving material, in paper or electronic form, that is responsive to a request, including page-by-page or line-by-line identification of material within documents. The Department shall attempt to ensure that searching for material is done in the most efficient and least expensive manner so as to minimize costs for both the Department and the requester.

(i) *Duplication costs* means those costs the Department incurs in copying

a requested record in a form appropriate for release in response to a FOIA request. Such copies may take the form of paper copy, microfiche, audio-visual materials, or machine-readable electronic documentation (e.g., disk or CD-ROM), among others.

(j) *Review costs* means costs the Department incurs in examining a record to determine whether and to what extent the record is responsive to the FOIA request and the extent to which it may be disclosed to the requester. It does not include costs of resolving general legal or policy issues that may be raised by a request.

(k) *Unusual circumstances*. As used herein, but only to the extent reasonably necessary to the proper processing of the particular request, the term "unusual circumstances" means:

(1) The need to search for and collect the requested records from Foreign Service posts or other separate and distinct Department offices;

(2) The need to search for, collect, and appropriately examine a voluminous amount of separate and distinct records that are demanded in a single request; or

(3) The need for consultation with another agency having a substantial interest in the determination of the request or among two or more components of the Department that have a substantial subject matter interest therein. Such consultation shall be conducted with all practicable speed.

(l) *Commercial use request* means a request from or on behalf of one who requests information for a use or purpose that furthers the commercial, trade, or profit interest of the requester or the person on whose behalf the request is made. In determining whether a requester belongs within this category, the Department will look at the use to which the requester will put the information requested.

Exhibit 3

**Low-Beer, John**

**From:**    FOIA Status [FOIAStatus@state gov]
**Sent:**    Tuesday, March 16, 2010 2:31 PM
**To:**      Low-Beer, John
**Subject:** RE: Case # 200909302

Mr. Low-Beer,

The Statutory Compliance and Research Division has initiated searches of the records of the Offices of the Legal Advisor and Operations. These searches are ongoing. Unfortunately, we cannot give a definitive timeframe for the processing of your request. The timeframe depends on a variety of factors: where the records are kept; how much material must be reviewed; the sensitivity of the material; any coordination with other offices, bureaus, posts, agencies, and governments; and how many requests were received before your request. Your request was the 9,302 one received in 2009 and we are still processing cases from previous years. We are also required to process cases in a first-in, first-out order within the track that the case is assigned. For more details about our processing times please visit our website at www.foia.state.gov and review the latest annual report.

I hope this information is helpful. If you would like more information, please call the FOIA Hotline at 202-261-8484 or respond to this email.

Thank you,

Tom

**From:** Low-Beer, John [mailto:JLowBeer@law.nyc.gov]
**Sent:** Thursday, March 11, 2010 4:05 PM
**To:** FOIA Status
**Subject:** Case # 200909302

As required by 5 USC sec. 552, could you please let me know when you estimate that you will produce documents in response to this request?

Thank you very much.

John R. Low-Beer
Senior Counsel
Affirmative Litigation Division
New York City Law Department
100 Church Street
New York, New York 10007

tel 212 788 1007